UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kristy and Matthew Saylor,<br><br>       Plaintiffs,<br><br>v.<br><br>Westlake Services, LLC d/b/a Westlake Financial Services,<br><br>       Defendant. | Civil Action No.: _____<br><br>COMPLAINT |

For this Complaint, the Plaintiffs, Kristy and Matthew Saylor, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiffs reside in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Kristy Saylor (hereafter "Kristy") and Matthew Saylor (hereafter "Matthew," and together with Kristy, the "Plaintiffs") are adult individuals residing in Jim Thorpe, Pennsylvania, and are each a "person" as defined by 47 U.S.C. § 153(10).

4. Defendants Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), is a California business entity with an address of 4751 Wilshire Boulevard, No. 100, Los Angeles, California 90010, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

5.	Beginning in or around April 2013, Westlake started calling Plaintiffs' on their cellular telephones.

6.	At all times mentioned herein, Westlake contacted Plaintiffs using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7.	When Plaintiffs answered the ATDS calls, they heard a period of silence lasting for approximately one (1) minute. Plaintiffs were only able to speak with live representatives from Westlake after hearing this silence.

8.	At all times, Westlake placed the ATDS calls regarding an alleged past due payment from Kristy.

9.	In or about April 2013, Westlake's representative informed Kristy she was late on that month's payment. Kristy promptly informed Westlake she had paid her account online and provided the confirmation number.

10.	Despite such, Westlake proceeded to place at least three (3) ATDS calls in the same day to Kristy looking for payment.

11.	In or about May 2013, Westlake again called Kristy looking for May's monthly payment. After informing Westlake she had already paid that month, Kristy requested Westlake cease calling her cellular phone as she was making payments online and the calls were unnecessary.

12.	Nonetheless, Westlake continued to hound Kristy with ATDS calls on her cellular phone.

13.	Moreover, Westlake repeatedly called Matthew on his cellular phone using an ATDS, often within minutes of having spoken with Kristy.

14. During a conversation in or about May 2013, Matthew requested Westlake cease calling his cell phone as Kristy was already making payments.

15. Despite such, Westlake continued to place ATDS calls to Matthew.

16. If at one time Westlake had obtained Plaintiffs' express consent to place calls to on their cellular telephones, it no longer had consent after Plaintiffs requested that the calls cease.

17. The calls from Westlake were not placed for emergency purposes.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq*.

18. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. At all times mentioned herein and within the last four years, Defendant called Plaintiffs on their cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

20. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

21. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiffs, they were met with a period of silence before Defendant's telephone system would connect them to a live person.

22. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Plaintiffs did not provide and/or revoked their consent to be contacted on their cellular telephones, and in fact instructed Defendant on multiple occasions to stop all calls to them and cease calling their cellular telephones.

24. Defendants continued to place automated calls to Plaintiffs' cellular telephones after being advised multiple times by Kristy that each month's payment was already made and knowing there was no consent from Kristy or Matthew to continue the calls.  As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiffs incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

28. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 26, 2014

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*